UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

TIMOTHY MICHAEL PALETTI,   CASE NO.: 06-10209-LMK

  Debtor.   CHAPTER: 7
_____/

JOHN A. BARLEY,

  Plaintiff

v.   ADV. PROC. NO.: 07-01001-LMK

TIMOTHY MICHAEL PALETTI,

  Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Amended Complaint (the "Motion," Doc. 25). The Motion asserts that the Amended Complaint should be dismissed because the Plaintiff's allegations under 11 U.S.C. § 727(a)(4) are time barred and the Plaintiff fails to state a claim for which relief can be granted under 11 U.S.C. § 523(a)(2)(A). The primary issue under consideration is whether the debt for breach of contract arising from a state-court judgment finding that the Debtor violated the covenant of good faith and fair dealing is nondischargeable under § 523(a)(2)(A). For the reasons more fully explained herein, the Motion will be granted, and this adversary proceeding will be dismissed. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334.

*Background*

This adversary proceeding is the latest episode in a 17-year saga originating with a 1990 real estate contract in which Paletti, the Debtor-Defendant, agreed to purchase a marina on the Su-

1

wannee River from Yellow Jacket Marina, Inc. ("YJM"), the Plaintiff's alleged predecessor in interest. After protracted, acrimonious litigation in the state courts[1], final judgment for breach of contract was entered against Paletti on October 17, 2002 by the Circuit Court for the Third Judicial Circuit in and for Dixie County, Florida (Doc. 20, Ex. 12) and affirmed by the First District Court of Appeal of Florida on September 14, 2004. On October 27, 2006, Paletti filed this voluntary Chapter 7 petition. On February 2, 2007, the Plaintiff filed his original "Complaint Objecting to Discharge" (the "original Complaint"), which attempted to state causes of action under 11 U.S.C. §§ 523 and 727. At the hearing on Paletti's Motion to Dismiss, I determined that the original Complaint had been improperly served and was legally insufficient; the Plaintiff was allowed 20 days from the May 10, 2007 hearing to file an amended complaint and properly serve it on the Defendant. The Plaintiff failed to file the Amended Complaint within the time provided but instead requested an extension of time (Doc. 12). Initially, the extension of time was denied and this proceeding was dismissed (Docs. 13 and 14). However, the Plaintiff's Motion to Reconsider was granted after a hearing held on August 3, 2007. (Docs. 17 and 22). On August 6, 2007, the Plaintiff filed this "Amended Complaint Objecting to Discharge" (the "Amended Complaint," Doc. 23).

The Defendant has moved to dismiss both counts of the Amended Complaint. He argues that the allegations under § 727(a)(4) are time barred because they do not relate back to the original Complaint, and the allegations under § 523(a)(2)(A) fail to state a cause of action. As for the § 727(a)(4) claim, in spite of the title "Complaint Objecting to Discharge," the prayer for relief in the original Complaint requests only a dischargeability determination under § 523, not a denial of the Debtor's discharge under § 727: "WHEREFORE, Barley request the Court to conduct such proceedings as are necessary to determine the dischargeability of the unsatisfied debts owed

---

[1] In his Order of Recusal, the Honorable Glenn L. Hess, Circuit Judge for the Third Judicial Circuit of the State of Florida, in and for Dixie County, described this matter as "a dog fight of deceit and dirty-dealing with none of the initial parties being constrained by truthfulness." Doc. 20, Ex. 13.

2

by Debtor to Barley and the Richard E. Corbin Trust, and to thereby decide that said debts are not dischargeable and grant such other and further relief to Barley as may be just." The only allegation in the original Complaint that has anything to do with § 727 is paragraph three, which does little more than parrot several subsections of § 727.:

> 3.    Additionally, Debtor has concealed, destroyed, keep or preserve [sic] recorded information from which debtor's financial condition or business transactions might be ascertained, made a false account and presented or used a false claim and withheld from the Trustee the records described in subsection 523 (1) (a) (3), and failed to correctly and completely state in the schedule required by section 521 (1) the nature and extent of his judicially determined debts to John A. Barley and the Richard E. Corbin Trust, or sufficiently identify each such creditor.

The original Complaint contains scant factual allegations. In contrast, the Amended Complaint alleges a laundry list of alleged omissions and misstatements in the Debtor's Schedules and Statement of Financial Affairs that were not even remotely suggested by the original Complaint.

The amendment of a pleading relates back to the date of the original pleading only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2) (made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7015). Though courts should allow amendments to pleadings freely when justice so requires, relation back is improper where, as here, the defendant is not given fair notice of the factual basis of the claims against him or her, especially in light of the strict time limitations that have been placed on filing complaints objecting to a debtor's discharge. *See* Fed. R. Bank. P. 4004; *Magno v. Rigsby (In re Magno),* 216 B.R. 34, 39 (9th Cir. BAP 1997); *see also Flexi-Van Leasing, Inc. v. Perez (In re Perez),* 173 B.R. 284, 290 (Bankr. E.D.N.Y. 1994).

In this case, the Amended Complaint alleges conduct and occurrences that the Plaintiff did not even attempt to set forth in the original Complaint; it goes to defects in the Debtor's Schedules and Statement of Financial Affairs that were not originally alleged. The only specific fac-

3

tual allegation that the original Complaint contains could not support a denial of discharge because creditors Barley and the Corbin Trust were in fact disclosed in the Debtor's schedules. The Debtor took what amounts to a litigation position in the schedules, and the disagreement over the amount of the debt is not a reason to deny discharge in this situation. Since the original Complaint did not give the Defendant fair notice of the factual basis of the claims against him, the Amended Complaint does not relate back to it, and the cause of action under § 727(a)(4) was dismissed as time barred at the hearing held on October 4, 2007. Therefore, the only remaining matter to be resolved is the sufficiency of the Plaintiff's allegations under § 523(a)(2)(A).

The Amended Complaint seeks a determination that a debt for breach-of-contract damages is nondischargeable under § 523(a)(2)(A). The debt arose from a contract for the sale and purchase of real property. According to the state court's Order Granting Plaintiff/Counter-Defendant's Motion for Summary Judgment on Breach of Contract dated November 16, 2000 (Doc. 20, Ex. 9), Paletti discovered that the marina owned by YJM was subject to a deed restriction in the chain of title that prohibited the sale of alcoholic beverages on the property. YJM was not aware of the deed restriction. Paletti, a licensed real estate broker, prepared a contract for the sale of the property and included language that obligated YJM to convey the property by warranty deed "free and clear of all encumbrances." Although there is nothing in the law that prohibits such terms, Florida real estate brokers customarily use form agreements with standard exceptions for "easements, reservations and restrictions of record." Knowing that YJM would be unable to perform, Paletti entered into the contract and waited to inform YJM of the title defect until it was too late for YJM to clear the restriction prior to the scheduled closing. Paletti took possession of the property but refused to pay the balance due at closing based on the deed restriction. YJM sued for breach of contract. Paletti asserted the deed restriction as a defense to the breach of contract claim, but the state court found Paletti's conduct to fall short of the standards of commercial reasonableness, fair dealing, and good faith, particularly because he was a real estate

4

broker. Accordingly, YJM's motion for summary judgment on its breach of contract claim was granted, and it was awarded damages for breach of contract. The Amended Complaint also alleges that the Defendant fraudulently obtained a Temporary Emergency Restraining Order and Injunction from the state court by falsely alleging that he owned the real property; however, the Amended Complaint does not allege that these false representations were made to a creditor or that a creditor relied on them. The question presented is whether the Defendant's debt for breach of contract is nondischargeable as a debt for property obtained by false pretenses, false representation, or actual fraud under § 523(a)(2)(A).

### *Discussion*

In order to state a cause of action under § 523(a)(2)(A) a plaintiff must allege that (1) the debtor made a false representation with the intent to deceive a creditor, (2) the creditor relied on the representation, (3) the reliance was justifiably founded, and (4) the creditor suffered loss as a result. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986); *Field v. Mans*, 516 U.S. 59, 61 (1995); *Hoffend v. Villa (In re Villa)*, 261 F.3d 1148, 1150 (11th Cir. 2001); *In re Cox*, 150 B.R. 807, 810 (Bankr. N.D. Fla. 1992). Exceptions to discharge should be construed strictly in favor of the debtor. *Hunter*, 780 F.2d at 1579; *Villa*, 261 F.3d at 1152. Though similar to state-law fraud, a cause of action under § 523(a)(2)(A) is governed exclusively by federal law. *See Grogan v. Garner*, 498 U.S. 279, 283-84 (1991).

There must be an actual, overt false representation to come within § 523(a)(2)(A)'s exception to discharge. *Hunter*, 780 F.2d at 1579-80 (stating that "[t]he absence of explicit representations concerning financial conditions by the bankrupt requires a holding that there have been no false pretenses or false representations"); *Villa*, 261 F.3d at 1150-51 (reiterating that the debtor must have committed positive, actual fraud in order for the debt to be excepted from discharge); *see also D'Angelo v. Parker (In re Parker)*, 377 B.R. 371 (Bankr. M.D. Fla. 2006). Some cases have

concluded that an omission can be a false statement, *see Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 216-17 (3d Cir. 1997); *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996), but in those cases the defendant had an affirmative duty to disclose the omitted information.

In this case, the Plaintiff does not allege that Paletti made a false statement to YJM. Instead, the Plaintiff alleges that Paletti omitted material information. The Plaintiff contends that since Paletti was a licensed real estate broker, he had a fiduciary relationship with YJM. As such, the Plaintiff asserts that Paletti was under an affirmative duty to act as a fiduciary in all dealings with YJM. The Plaintiff relies on the provisions of section 475.01(a) and (f) of the Florida Statutes, which define "broker" and "fiduciary." The Plaintiff's reliance on section 475 to impose fiduciary obligations on Paletti in this transaction is sorely misplaced. First, Fla. Stat. § 475.01 defines "fiduciary" as a "a broker in a relationship of trust and confidence between that broker as agent and the seller or buyer as principal." Here, Paletti was not in any agency relationship with YJM. He was a party to the contract.

Paletti's duties as a licensed broker in this transaction are best defined by Fla. Stat. § 475.278(4), setting forth the duties of a broker with no brokerage relationship as follows

**(4) No brokerage relationship.—**
(a) *No brokerage relationship-duties*.--A real estate licensee owes to a potential seller or buyer with whom the licensee has no brokerage relationship the following duties:
1. Dealing honestly and fairly;
2. Disclosing all known facts that materially affect the value of the residential real property which are not readily observable to the buyer; and
3. Accounting for all funds entrusted to the licensee.

While Paletti may have breached a duty to act honestly and fairly, that failure does not give rise to actionable fraud. The only specific disclosure requirement does not apply here since this is not residential property and Paletti was the buyer. Paletti did not have an affirmative duty to dis-

close the existence of the deed restriction because the parties were not in a brokerage relationship. In fact, they were adverse to each other. Since the Amended Complaint does not allege that Paletti made a false representation, but rather that he failed to disclose to the seller the existence of a deed restriction that is a matter of public record, the Plaintiff's Amended Complaint fails to allege a false representation or false pretenses sufficiently.

Even if Paletti's conduct amounts to a false representation or false pretenses in this situation, it is apparent that any reliance was not justifiable. Quoting the Restatement (Second) of Torts (1976) in discussing the standard for "justifiable" reliance, the U.S. Supreme Court explained that reliance is not justifiable where a person blindly relies on a misrepresentation the falsity of which would be patent if a cursory investigation had been made. *Field v. Mans*, 516 U.S. 59, 71 (1995). In this case, the omitted information is readily ascertainable and could have been discovered easily with a simple title search. The Plaintiff's predecessor in interest was legally in a better position than Paletti to be aware of the omitted information because it was the owner of the property. I am unaware of a single case in which a court has concluded that a seller can justifiably rely on a buyer's omission of publicly-available information concerning real property that is owned by the seller. The Plaintiff, therefore, has not alleged justifiable reliance.

The Plaintiff having failed to state a cause of action under 11 U.S.C. § 523(a)(2)(A), and the Plaintiff's allegations under 11 U.S.C. § 727(a)(4) being time barred, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (Doc. 25) is GRANTED, and this adversary proceeding is DISMISSED.

DONE and ORDERED in Tallahassee, Florida this 9th day of January, 2008.

/s/ Le M. Killian

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all interested parties